UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH HARRISON, and<br>SUSAN HARRISON,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | Civil Action No. 15-6756 (MCA) (MAH)<br><br>REPORT AND RECOMMENDATION |

This matter comes before the Court on this Court's November 14, 2017 Order to Show Cause why Plaintiffs' Kenneth Harrison and Susan Harrison ("Plaintiffs"), Complaint should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. D.E. 78. Plaintiffs failed to file a response to the Order to Show Cause. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons below, the Court respectfully recommends that the District Court dismiss Plaintiffs' Complaint with prejudice.

    **I.    Background**

On September 9, 2015, Plaintiffs filed the instant Complaint against the United States of America Department of Treasury and Internal Revenue Service. D.E. 1. Defendants submitted a letter to the Court dated September 12, 2017 [D.E. 23], advising the Court that Plaintiffs *pro se* have failed to respond to any discovery. The Court entered an Order dated September 22, 2017 [D.E. 24] requiring Plaintiffs to serve all outstanding written discovery responses by October 16, 2017. Defendants informed the Court by way of letter dated November 6, 2017 that Plaintiffs had failed to respond to discovery in violation of the Court's September 22, 2017 Order.

Thereafter, this Court directed Plaintiffs to show cause in writing by December 4, 2017 why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41 and failure to comply with this Court's Orders of September 22, 2017. *See* Order to Show Cause, November 14, 2017, D.E. 78. Plaintiffs failed to respond. The record reflects Plaintiffs neither provided new or updated contact information to the Court, nor sought to stay these proceedings because they had moved or would otherwise be unable to litigate this matter for some period of time.

## II. Legal Analysis

### A. Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a plaintiff's complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit provided the factors that this Court must weigh in determining whether to dismiss a complaint pursuant to Fed. R. Civ. P. 41(b). Specifically, the Court must consider six factors in deciding whether the sanction of dismissal is appropriate: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868; *Emerson v. Thiel College*, 296 F.3d 184, 190 3d Cir. 2002) (applying *Poulis* factors). No single *Poulis* factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge North America Inc.*, Civ. No. 07-2193, 2008 WL 305701, *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). *See also Rosado v. Adams*,

Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civ. No. 05-1720, 2005 WL 2338852, *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers."). *See also ODTA Systems LLC v. Daewood Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted). Although not all these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

### B.     Consideration of the *Poulis* Factors

#### i.     The extent of the party's personal responsibility

In the instant case, Plaintiffs have failed to respond to the Orders of this Court requiring responses to written discovery. Nor have Plaintiffs contacted the Court to explain their failure to comply. As a result, this case has been brought to a virtual standstill with no indication that Plaintiffs intend to continue to prosecute their claims. Accordingly, the Undersigned can conclude only that Plaintiffs do not intend to further litigate their claims and have willfully chosen to abandon this suit.

The Court recognizes that as *pro se* litigants, Plaintiffs are not represented by counsel and may encounter challenges that a represented party would not face. However, at the same time, Plaintiffs cannot contend that their failure to prosecute this matter is the fault of counsel. *See, e.g., Clarke v. Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005), *cert. denied*, 548 U.S. 907 (2006) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the

plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation."). Moreover, the record reflects that Plaintiffs' failure to prosecute is not the result of their inability to comprehend or address a highly complicated or technical legal issue; it is the result of Plaintiffs' failure to take basic action necessary to prosecute their claims, such as responding to discovery when directed to do so, responding to Court Orders, or explaining their inability to do so.  In any event, a *pro se* plaintiff is solely responsible for prosecuting his case.  *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (citations omitted).

Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii. Prejudice to the Adversary

The Court must next consider whether Plaintiffs' failure to prosecute this litigation has prejudiced their adversaries.  Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial.  *Clarke*, 153 Fed. Appx. at 73 (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).

In this case, Plaintiffs' inactivity and failure to comply with the Court's orders has prejudiced Defendants.  Defendants have been unable to prepare a defense of this matter because Plaintiffs have failed to respond to any of Defendants' discovery requests.  In short, Plaintiffs' non-responsiveness has stalled Defendants' ability to defend themselves.

Accordingly, this *Poulis* factor favors dismissal of Plaintiff's claims.

### iii. History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiffs' dilatoriness and whether they have acted in bad faith. Since approximately March, 2017, Plaintiffs have, by all appearances, abandoned prosecution of this matter. Plaintiffs have failed to respond to any discovery requests by Defendants after this Court issued the Pretrial Scheduling Order, D.E. 21. Before the Pretrial Scheduling Order was issued, Plaintiffs appeared prepared to litigate this matter, even responding the Court's notices. But the record before the Court establishes that for several months, Plaintiffs have made no effort to comply with their obligations in prosecuting these claims or to explain to the Court and counsel their inability to do so. Therefore, the Court must conclude on the record before it that Plaintiffs' failure to comply with its orders was willful and that they have chosen not to pursue their claims. *Porten*, 2011 WL 2038742, *2. Accordingly, these factors favor dismissal of Plaintiffs' claims.

### iv. Alternative Sanctions

This factor also favors dismissal, for several reasons. First, Plaintiffs' failure to comply with the Court's orders or explain their inability to do so strongly suggests that Plaintiffs have abandoned their claims. *Porten*, 2011 WL 2038742, *3. Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations, such as when plaintiff is proceeding *pro se*. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). In this case, there is no plausible reason to believe that any such fine or attorney's fees would spur Plaintiffs to resume actively litigating this case.

### v. Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Plaintiffs' claims and Defendants' defenses.  However, the Court cannot adequately assess this factor due to Plaintiffs' failure to comply with Court orders or provide any responses to discovery requests.  *Porten*, 2011 WL 2038742, *3 (citing *Devito v. C.M.S. Dep't*, Civ. No. 05-3438, 2006 WL 756014, *3 (D.N.J. March 17, 2006)).

### III. Conclusion

On balance, each of the pertinent *Poulis* factors weighs in favor of dismissal.  Therefore, the Undersigned respectfully recommends that the District Court dismiss Plaintiffs' Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

s/ Michael A. Hammer<br>
UNITED STATES MAGISTRATE JUDGE

Date: December 28, 2017